**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DARRELL WALKER**                                              **CIVIL ACTION**

**VERSUS**                                                      **NO. 06-1300**

**LT. RONNIE SEAL, ET AL.**                                     **SECTION: "A"(3)**

## ORDER AND REASONS

Plaintiff, Darrell Walker, a state prisoner, filed this *pro se* and *in forma pauperis* complaint against Ronnie Seal, Billy Anderson, Jeffrey Primes, Steve Price, Darryl Hughes, and Kevin Luper. In this lawsuit, plaintiff claims that defendants used excessive force against him on November 30, 2005. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Defendants filed a motion for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies because he did not file a grievance regarding his claims.[2] Plaintiff countered that he in fact submitted two first-step grievances concerning the claims.[3] Upon reviewing the parties' submissions, the Court noted that factual issue was clearly in dispute. However, the Court further noted that it was apparently *undisputed* that plaintiff failed to file a

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 32.

[3] Rec. Doc. 33.

*second*-step grievance with respect to his claims. Therefore, the Court placed plaintiff on notice that it was considering entering summary judgment *sua sponte* in favor of defendants on the ground that plaintiff failed to exhaust his administrative remedies because he did not proceed to the second step of the grievance procedure.[4] Plaintiff was given the opportunity to file a memorandum in opposition to the granting of summary judgment on that basis.[5] Plaintiff has in fact filed such an opposition.[6]

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002). The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added).

At the time of the incident giving rise to this complaint, plaintiff was incarcerated in a prison operated by the Louisiana Department of Public Safety and Corrections. In such facilities, there exists a two-step administrative remedy procedure. At the first step, an inmate submits his grievance

---

[4] "Federal District Courts are empowered to enter summary judgment *sua sponte* so long as the losing party has ten days notice to come forward with all of its evidence in opposition to the motion." Harken Exploration Co. v. Sphere Drake Insurance PLC, 261 F.3d 466, 477 (5th Cir. 2001) (internal quotation marks and citations omitted).

[5] Rec. Doc. 35.

[6] Rec. Doc. 36.

2

to the warden within ninety days of the incident giving rise to the complaint. The warden generally has forty days in which to respond. If the warden fails to respond, or if the inmate is dissatisfied with the warden's response, the inmate may proceed to the second step by requesting review of the matter by the Secretary of the Louisiana Department of Public Safety and Corrections. The Secretary generally has forty-five days in which to respond. La. Admin. Code tit. 22, pt. I, § 325.

As previously noted, the issue of whether plaintiff ever filed an administrative grievance with respect to the alleged used of excessive force on November 30, 2005, remains in dispute. Defendants contend that he did not.[7] On the other hand, plaintiff states that he submitted two administrative grievances with respect to that incident but that those grievances went unanswered.[8] However, that issue of fact, although disputed, is ultimately immaterial. Whether such a grievance was never submitted, was submitted but never received, or was received but never answered is not determinative in the instant case. Regardless of what occurred, it is evident that, when a first-step response was never issued, for *whatever* reason, plaintiff proceeded directly to federal court rather than to the second step of the grievance procedure. That fact, which is *undisputed*, is determinative here. The applicable administrative remedy procedure expressly provides that "expiration of response time limits shall entitle the inmate to *move on to the next step* in the process." La. Admin. Code tit. 22, pt. I, § 325(G)(4)(a) (emphasis added).[9]

---

[7] Rec. Doc. 32, Exhibit 1.

[8] Rec. Doc. 1, p. 2.

[9] The Court is aware that the United States Fifth Circuit Court of Appeals has held that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired." Underwood v. Wilson, 151 F.3d 292, 295

The United States Fifth Circuit Court of Appeals has noted: "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)).  Therefore, the general rule is that a plaintiff's administrative remedies are not exhausted unless he has pursued the grievance remedy through conclusion of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).  Simply initiating the procedure by filing a first-step grievance is insufficient.

Plaintiff advances a number of arguments as to why exhaustion should be excused in this case.  Those arguments are unpersuasive for the following reasons.

First, plaintiff argues that the Court should have raised the exhaustion issue at the preliminary conference.  The Court disagrees.  Lack of exhaustion is an affirmative defense which generally should first be raised by a defendant. See Jones v. Bock, 127 U.S. 910 (2007).

Second, plaintiff argues that he has been prejudiced by the failure to raise this issue at an earlier stage in the proceeding.  He opines that if the issue had been raised earlier, he could have resubmitted a timely administrative grievance.  He is incorrect.  As noted, the applicable

---

(5th Cir. 1998); see also Gates v. Cook, 376 F.3d 323, 332 (5th Cir. 2004).  However, those cases, as well as the other cases the undersigned has found in this federal Circuit which invoke the rule that the failure to answer a grievance constitutes a constructive denial of the grievance, involve the failure of prison authorities to issue a timely response at the *final* step of the grievance procedure.  Such a rule makes sense in that context, where federal court is the only remaining remedy available to a prisoner faced with a constructive denial at the final step of the administrative procedure.  However, where, as here, a timely response is not forthcoming at a *preliminary* step of the procedure, the constructive denial allows the prisoner to proceed only to the next step of the administrative procedure, not directly to federal court.  See Ratliff v. Jackson, No. CIVA3:05CV340WHB-AGN, 2005 WL 2035505, at *2 (S.D. Miss. Aug. 23, 2005).

4

administrative grievance procedure generally requires that a grievance be filed within *ninety days* of the incident giving rise to the prisoner's complaint. The alleged incident in this case occurred on November 30, 2005; therefore, plaintiff's grievance was due on or before February 28, 2006. Plaintiff's complaint was not filed in this Court until March 16, 2006, *after* the ninety-day deadline had already expired. Therefore, this issue could not have been raised by either the Court or the defendants in time to allow plaintiff to resubmit a timely grievance.[10]

Third, plaintiff argues that the Court should stay these proceedings and order the warden to respond to the administrative grievance. However, federal law requires that a prisoner exhaust his administrative remedies *prior* to the filing of a lawsuit; exhaustion of such remedies while the lawsuit is pending is insufficient. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Accordingly, it is not appropriate for a federal court to stay a lawsuit while a prisoner exhausts his administrative remedies. Seaton v. Sylvestor, No. 99-20035, 2000 WL 960504 (5th Cir. June 15, 2000); Johnson v. Kerryville, No. 5:06cv274, 2007 WL 418765 (E.D. Tex. Feb. 5, 2007).

Fourth, plaintiff attempts to excuse his failure to proceed to the second step of the procedure by arguing that he has been denied access to the law library. Even if that unsupported allegation were true, it would be of no moment. Plaintiff does not need access to the law library in order to submit a second-step grievance. Moreover, plaintiff does not allege, much less establish, that he was unfamiliar with the requirements of the applicable remedy procedure, and it would not behoove him

---

[10] The Court notes that the administrative remedy procedure expressly gives the warden the discretion to allow the submission of an untimely grievance. However, that option is no less available today than it was when this lawsuit was filed.

to do so. The record indicates that he has in fact filed multiple grievances during his years of incarceration within the Louisiana state prison system.[11]

Fifth, plaintiff cites a number of state cases wherein the state law exhaustion requirement was excused based on Louisiana Supreme Court's decision in Pope v. State, 792 So.2d 713 (La. 2001). Those state cases are inapposite. The United States Fifth Circuit Court of Appeals has held:

> [W]hile Pope or its progeny govern the effect of the prison administrative system on a claim later filed in state court, it has no impact on the necessity of exhaustion prior to the filing of a § 1983 claim in federal court. As long as a prison administrative grievance system remains in force (as the state assures us is the case), [a prisoner] must exhaust.

Ferrington v. Louisiana Department of Corrections, 315 F.3d 529, 532 (5th Cir. 2002).

In summary, plaintiff essentially argues that it would be inequitable to hold him to the requirements of the applicable remedy procedure; however, it would likewise be unfair to require defendants to defend their actions before a jury when perhaps plaintiff's claims could have been resolved administratively. Plaintiff's decision to abandon the administrative procedure in the middle of the process and proceed to federal court is contrary to both the letter and intent of the law. The United States Supreme Court has noted:

> Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." ...
>     Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review

---

[11] Rec. Doc. 32, Exhibit 1.

might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

For all of the foregoing reasons, the Court finds that plaintiff's claims should be dismissed based on his failure to exhaust his administrative remedies.

Accordingly,

**IT IS ORDERED** that summary judgment is **GRANTED**. **IT IS FURTHER ORDERED** and that plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.[12]

New Orleans, Louisiana, this nineteenth day of April, 2007.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Plaintiff filed this lawsuit *in forma pauperis*. Rec. Docs. 2 and 3.